UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

SCOTT A. HEIMERMANN,

Plaintiff,

v.

DAVID CRIST, TRACY HOSKING, DEAN MECAL, SHERYL RAMSTAD-HVASS, ELDRON SANDERS, MIKE SEATH, and JOHN DOES,

Defendants.

---

Civil File No. 00-1455 (RHK/AJB)

ORDER

Plaintiff, a prisoner at the Minnesota Correctional Facility, Stillwater, Minnesota, commenced this action on June 13, 2000, by filing a complaint seeking relief for alleged violations of his federally protected civil rights. Plaintiff did not pay any filing fee for this action, but instead filed a request for leave to proceed in forma pauperis, ("IFP"). (Docket No. 2.) That request is now before the Court.

Because Plaintiff is a prisoner, his IFP application is subject to the requirements set forth at 28 U.S.C. § 1915(b), which provides that:

> (1) Notwithstanding subsection (a), if a prisoner brings a civil action . . . in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of--
> (A) the average monthly deposits to the prisoner's account; or
> (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint . . .

FILED JUN 20 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

> (2) After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.
>
> (3) In no event shall the filing fee collected exceed the amount of fees permitted by statute for the commencement of a civil action . . .
>
> (4) In no event shall a prisoner be prohibited from bringing a civil action ... for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee.

(Emphasis added.)

According to this statute, which is part of the Prison Litigation Reform Act of 1995, ("PLRA"), prisoners who are granted IFP status are not excused from paying the court filing fee altogether, (as is the case for non-prisoner IFP litigants). Instead, a prisoner who is granted IFP status is merely granted permission to pay the filing fee in installments, rather than paying the entire amount in advance. Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time"). Section 1915(b)(1) requires prisoner IFP applicants to pay an initial partial filing fee at the outset of the case, and § 1915(b)(2) requires that the remaining balance be paid in installments through regular deductions from the prisoner's trust account.

In the instant case, Plaintiff's IFP application includes a statement pertaining to his inmate trust account, (as required by § 1915(a)(2)), which shows that his average

monthly deposit during the preceding six months was $239.95, and his average monthly balance during the same period was $117.47. Because the average monthly deposit amount is greater than the average monthly balance, Plaintiff's initial partial filing fee will be twenty percent (20%) of the former amount; i.e., $47.99, ($239.95 x 20% = $47.99). Pursuant to § 1915(b)(1), Plaintiff must pay that amount as an initial partial filing fee before this action will be allowed to proceed. The remaining balance of the $150.00 filing fee will have to be paid in installments, which shall be deducted by prison officials from Plaintiff's inmate trust account as required by § 1915(b)(2).

If the initial partial filing fee prescribed herein is paid within twenty (20) days after the date of this order, the case will be allowed to go forward. It should be noted, however, that even if such initial partial filing fee is timely paid, the complaint still will be "screened" pursuant to 28 U.S.C. § 1915A to determine whether Plaintiff has stated a claim on which relief may be granted. See also 28 U.S.C. § 1915(e)(2). Only if Plaintiff's pleading survives such screening -- i.e., only if his Complaint is found to actually state a cognizable claim against one or more of the named Defendants -- will the Court grant IFP status and order that a summons be issued and that service of process be effected by the U.S. Marshal.[1] If Plaintiff's pleading does not survive initial screening, he still will be required to pay the balance of the filing fee pursuant to § 1915(b)(2). See In re Tyler, 110

---

[1] The Court notes that Plaintiff has written a letter addressed to the Clerk of Court, asking the Clerk's office to provide him with a copy of his complaint, so that he can make the extra copies of it that will be required in order to effect service of process on the named Defendants. The Clerk's office makes copies of court documents upon request, for litigants and others, at a cost of $.50 per page. The Court is confident that if Plaintiff re-submits his request for a copy of his complaint, together with advance payment of the required $.50-per-page fee, the Clerk's office will provide the requested copy to him.

F.3d 528, 529-30 (8th Cir. 1997) ("the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal"). If the initial partial filing fee is not paid within twenty (20) days, Plaintiff will be deemed to have abandoned this action, and it will be recommended that the case be dismissed without prejudice for lack of prosecution. Fed. R. Civ. P. 41(b).

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS HEREBY ORDERED** that:

Within twenty (20) days after the date hereof, Plaintiff shall pay an initial partial filing fee of not less than $47.99, failing which it will be recommended that the action be dismissed without prejudice.

Dated: June 19, 2000

ARTHUR J. BOYLAN
United States Magistrate Judge