**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

Scott A. Heimermann,

Plaintiff,

v.

David Crist, et al.,

Defendant.

Civil No. 00-1455 (RHK/AJB)

**SECOND PRETRIAL SCHEDULING ORDER**

Plaintiff in this matter has filed a complaint for violation of civil rights pursuant to 42 U.S.C. § 1983 [Docket No. 1], and he subsequently filed an amended/supplemental complaint [Docket No. 9]. Plaintiff thereafter filed a motion for leave to file a consolidated second amended complaint. Answers to both the initial complaint and the first supplemental complaint have been submitted on behalf of each of the defendants.[1] Pursuant to Rule 16 of the Federal Rules of Civil Procedure and in order to secure the just, speedy, and inexpensive determination of this action, the following schedule shall govern these proceedings. The schedule may be modified only upon formal motion and a showing of good cause as required by Local Rule 16.3.

1. Defendant shall have until October 20, 2000, to submit written argument or otherwise respond to plaintiff's motion for leave to file the consolidated second amended complaint.

---

[1] The Court prematurely issued a Pretrial Scheduling Order after only one defendant had submitted an answer to the complaint. Remaining defendants were subsequently served and an answer has since been served and filed on their behalf. The parties should observe that the various discovery, motion and trial dates established in the first scheduling order are changed in the Second Pretrial Scheduling Order. Those dates have been moved back one month.

FILED SEP 27 2000
FRA[illegible] [illegible]SAL, CLERK
JUD[illegible]
DEPUTY CLERK

2. The period during which the parties may conduct discovery shall terminate on March 1, 2001. Disputes with regard to discovery shall be called immediately to the court's attention by the making of an appropriate motion, and shall not be relied upon by any party as a justification for not adhering to this pretrial schedule;

3. All other nondispositive motions, specifically those which relate to discovery and the discovery period, shall be filed and served prior to March 1, 2001 All nondispositive motions shall be filed and served in compliance with Local Rule 7.1(a). No discovery motion shall be considered unless the moving party files with the motion the statement required by Local Rule 37.1 and complies with the requirements of Local Rule 37.2. All nondispositive motions will be considered on the papers submitted without a hearing unless the court determines there is a specific need to hold such a hearing;

4. All dispositive motions shall be filed and served prior to April 1, 2001. All dispositive motions shall be filed and served in compliance with Local Rule 7.1(b). Dispositive motions will be considered on the papers without oral argument unless the court determines there is a specific need to hold such a hearing;

5. This case shall be considered ready for trial on and after June 1, 2000.

Dated: 9/26/00

ARTHUR J. BOYLAN
United States Magistrate Judge