**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

Scott A. Heimermann, Civil No. 00-1455 (RHK/AJB)

Plaintiff,

v. **ORDER**

David Crist, et al.,

Defendant.

Defendants in this matter have filed a motion for summary judgment dismissing plaintiff's complaint [Docket No. 40] and a motion for protective order staying discovery [Docket No. 43]. The complaint alleges violation of civil rights pursuant to 42 U.S.C. § 1983, along with claims under RICO, 18 U.S.C. §§ 1961-1968. Various other pretrial matters that are also pending with the Court include plaintiff's: (1) motion for leave to file a second amended complaint [Docket No. 15]; (2) motion for leave to allow plaintiff same discovery rights as litigants with counsel [Docket No. 18]; (3) leave to file substitute consolidated second amended complaint [Docket No. 20]; (4) motion to join additional defendants [Docket No. 22]; and (5) motion for temporary restraining order and injunctive relief [Docket No. 23]. A motion for leave to intervene has also been filed by Stephen Danforth [Docket No. 28]; plaintiff has moved for extension of the deadlines provided in the Second Pre-trial Scheduling Order [Docket No. 44]; and plaintiff now requests appointment of a specific court reporter agency to attend depositions.

Based upon the file and pleadings, along with the motions of the parties, the Court makes the following:

FILED JAN 10 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

## ORDER

1. Plaintiff shall have until **February 1, 2001**, to file and serve a memorandum response to defendants' motion for summary judgment, at which time the motion for summary judgment will be considered fully briefed and ready for determination.

2. Defendants' motion for protective order is **granted** [Docket No. 43]. Discovery in this matter is stayed pending further order from the Court.

3. Plaintiff's motion for extension of the second pretrial scheduling order is **denied** [Docket No. 44]. Discovery and scheduling matters may be revisited in the event this action survives summary judgment.

4. Plaintiff's motion for order to allow plaintiff same discovery rights as litigant's counsel is **denied** [Docket No. 18]. Plaintiff is an inmate incarcerated at MCF–Stillwater. His motion seeks court approval for depositions of defendants and non-party witness, as well as accessible file storage space and wages as compensation for conducting this litigation. The Court is not persuaded that depositions in the matter are either necessary or appropriate, particularly in light of the pending motion for summary judgment and the Court's order staying discovery. Plaintiff's need for accessible file storage space is far outweighed by the safety and security concerns existing in the prison setting and the request for compensation does not merit comment. Pursuant to this ruling, plaintiff's request for appointment of a designated court reporter is likewise denied. Discovery matters may be revisited in the event this action survives summary judgment.

5. Plaintiff's motions for leave to file consolidated second amended complaint [Docket No. 15] and for leave to file a substitute consolidated second amended complaint [Docket No. 20] are subject to defendants' argument on summary judgment and ruling on those

motions will therefore be deferred until decision is issued on the dispositive motion.

6. Plaintiff's motion to join Minnesota Mining and Manufacturing Company and Erwin Seating Company and School Specialty Valley Division (School Specialty) as additional defendants in this action is **denied** [Docket No. 22]. The Court is not persuaded that the addition of these parties is necessary for a just adjudication in this case or is appropriate for any reason whatsoever.

7. Plaintiff's motion for temporary restraining order and injunctive relief is **denied** [Docket No. 23]. Plaintiff has presented only bare allegations and has not shown that he is suffering irreparable harm or that he is likely to succeed on the merits of his claims relating to patent trade secrets or racketeering. With respect to concerns about retaliation and personal harm, plaintiff alleges no underlying facts to support a motion for injunctive relief, and in any event, a court order would only echo existing state and federal laws prohibiting such actions by prison authorities.

8. The motion to intervene in this action by fellow inmate Stephen Danforth is **denied** [Docket No. 28]. The Court is not persuaded that Mr. Danforth has any legitimate claims or interests in subjects of this action which would entitle him to intervene as a matter or right, and pursuant to the exercise its discretion, the Court finds no particular justification for permissive intervention by Danforth. Fed.R.Civ.P. 24.

Dated: 1/10/01

ARTHUR J. BOYLAN
United States Magistrate Judge