**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Scott A. Heimermann,

Plaintiff,

v.

David Crist, et al.,

Defendants.

**MEMORANDUM OPINION AND ORDER**
Civil No. 00-1455 ADM/AJB

---

## I. INTRODUCTION

This matter is before the undersigned United States District Judge pursuant to Stephen Danforth's objections [Docs. No. 69, 70] to the January 10, 2001 Order of Magistrate Judge Arthur J. Boylan [Doc. No. 46], denying his motion to intervene as party plaintiff.[1] In the Order, Judge Boylan stated that the "Court is not persuaded that Mr. Danforth has any legitimate claims or interests in subjects of this action which would entitle him to intervene as a matter of right, and pursuant to the exercise of its discretion, the Court finds no particular justification for permissive intervention by Danforth." Order, Jan. 10, 2001, ¶ 8. Also before this Court are Plaintiff Scott Heimermann's objections [Doc. No. 65] to Judge Boylan's Order of January 16, 2001 [Doc. No. 55], staying discovery. For the reasons set forth below, Judge Boylan's Orders are affirmed in their entirety.

---

[1] Alternatively, Danforth moves to a compel a Report and Recommendation regarding his Motion to Intervene.

FILED 2-27-01
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

## II. DISCUSSION

The standard of review applicable to an appeal of a magistrate judge's order on a nondispositive issue is extremely deferential. The district court must affirm an order by a magistrate judge unless it is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); *see also Reko v. Creative Promotions, Inc.*, 70 F.Supp.2d 1005, 1007 (D. Minn. 1999); *Banbury v. Omnitron Int'l., Inc.*, 818 F.Supp. 276, 279 (D. Minn. 1993). "A finding is 'clearly erroneous' when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Chakales v. Comm'r. of Internal Revenue*, 79 F.3d 726, 728 (8th Cir. 1996) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

First, a motion for intervention as a matter of right is granted if an applicant (1) files a timely motion; (2) claims an interest relating to the property or transaction that is the subject of the action; (3) is so situated that without intervention the disposition of the action, may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) has an interest not adequately represented by other parties. Fed. R. Civ. P. 24(a)(2); *United States v. Union Elec. Co.*, 64 F.3d 1152, 1160 (8th Cir. 1995). Because a motion for intervention does not dispose of the actual case before the court, it is a nondispositive motion. Therefore, it is reviewed under the aforementioned "clearly erroneous" standard. Judge Boylan's Order denying intervention is not clearly erroneous or contrary to law. *See Standard Heating and Air Conditioning Co. v. City of Minneapolis*, 137 F.3d 567, 571 (8th Cir. 1998) (finding applicant's interests too speculative to be "direct, substantial and legally protectable" interests). The intervener applicant's Motion for Intervention is dismissed without prejudice.

Second, Judge Boylan's Order to stay discovery is not "clearly erroneous or contrary to law." Reviewing the entire circumstances of this action does not create a definite and firm conviction that a mistake has been committed. The order must be affirmed.

## III. CONCLUSION

Based upon the foregoing, and all of the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

(1) Magistrate Judge Boylan's Order of January 10, 2001 [Doc. No. 46] is **AFFIRMED**.

(2) Magistrate Judge Boylan's Order of January 16, 2001 [Doc. No. 55] is **AFFIRMED**.

BY THE COURT:

ANN D. MONTGOMERY
UNITED STATES DISTRICT JUDGE

Dated: 2/27/01