**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

Scott A. Heimermann,

Plaintiff,

v.

David Crist, Tracy Hocking,
Dean Mecal, Sheryl Ramstad-Hvass,
Eldon Sanders, Mike Seath, and
John Does,

Defendants.

Civil No. 00-1455 (ADM/AJB)

**REPORT AND RECOMMENDATION**

This matter is before the Magistrate Judge for report and recommendation to the District Court on defendants' motion for summary judgment dismissing the complaint [Docket No. 15] and plaintiff's motion to voluntarily dismiss the action without prejudice pursuant to Fed. R. Civ. P. 41(a)(2) [Docket Nos. 84, 85 and 86]. The Magistrate Judge has contemporaneously issued an Order denying plaintiff's motion for Rule 11 sanctions. Additional non-dispositive motions[1] also remain pending but would be rendered moot in the event that the Court grants either plaintiffs' motion to dismiss without prejudice or defendants' motion for summary judgment of dismissal with prejudice.

---

[1] Plaintiff's motion for leave to file consolidated second amended complaint [Docket No. 15]; plaintiff's motion for leave to file substitute consolidated second amended complaint [Docket No. 20]; plaintiff's motion for continuance pending pretrial discovery [Docket No. 51]; plaintiff's motion to strike as sham and false where defendant's summary judgment pleading is signed with intent to defeat purpose of Rule 11 [Docket No. 52]; and plaintiff's motion for supervisory order summarily denying summary judgment motion for defendants and directing re-filing of comprehensive summary judgment motion [Docket No. 66].



AUG - 1 2001
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Based upon the Court's review of the complete file and pleadings, including the motions and submissions of the parties, along with previous Orders issued by the Court in this matter, and in accordance with the attached Memorandum report, the Magistrate Judge makes the following:

## RECOMMENDATION

It is **hereby recommended** that:

1. Plaintiff's motion to voluntarily dismiss the action pursuant to Fed. R. Civ. Pro. 41(a)(2) be **granted** [Docket Nos. 84, 85 and 86], and the action be **dismissed** without prejudice and without costs. **It is further recommended** that pursuant to Fed. R. Civ. P. 41(d) that plaintiff be required to pay defendants' costs as a prerequisite to his re-filing of another complaint based upon or including the same claims against the same defendants as asserted in the present complaint and motions to amend.

2. Defendants' motion for summary judgment be **denied** [Docket No. 40] without prejudice to defendants' ability to move for dismissal of any subsequently filed action by this plaintiff on the same grounds that the action is frivolous and/or malicious and to further seek sanctions including, but not limited to, monetary penalties and restrictions upon plaintiff's ability to commence subsequent actions.

It is **further recommended** that:

3. Plaintiff's motion for leave to file consolidated second amended complaint be **denied as moot** [Docket No. 15], or alternatively, the motion be remanded to the Magistrate Judge in the event the action is not dismissed;

4. Plaintiff's motion for leave to file substitute consolidated second amended

complaint be **denied as moot** [Docket No. 20], or alternatively, the motion be remanded to the Magistrate Judge in the event that the action is not dismissed;

5. Plaintiff's motion for continuance pending pretrial discovery be **denied as moot** [Docket No. 51], or alternatively, the motion be remanded to the Magistrate Judge in the event the action is not dismissed;

6. Plaintiff's motion to strike as sham and false where defendants' summary judgment pleading is signed with intent to defeat purpose of Rule 11 be **denied as moot** [Docket No. 52], or alternatively, the motion be remanded to the Magistrate Judge in the event the action is not dismissed;

7. Plaintiff's motion for supervisory order summarily denying summary judgment motion for defendants and directing re-filing of comprehensive summary judgment motion be **denied as moot** [Docket No. 66], or alternatively, the motion be remanded to the Magistrate Judge in the event the action is not dismissed.

Dated: July 3, 2001

Arthur J. Boylan

ARTHUR J. BOYLAN
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court

of Appeals. Written objections must be filed with the Court before August 13, 2001.

**MEMORANDUM**

Plaintiff in this matter was a prisoner at MCF–Stillwater at the time this action was commenced.[2] The initial complaint was submitted on a form pleading for use by prisoners and was captioned a complaint for violation of civil rights under 42 U.S.C. § 1983. The form complaint asks the plaintiff to indicate whether he had begun other lawsuits dealing with the same facts or otherwise relating to his imprisonment in the last three years and plaintiff explicitly indicated that there were none. As an attachment to the form pleading, plaintiff filed an extensive "Civil Rights Complaint" in which he seeks injunctive relief and damages based upon claims of interference with intellectual property rights; retaliation and interference with free speech and right to communicate with government officials as to government matters, in violation of the First Amendment; confinement in segregation in violation of the Fourteenth Amendment; false imprisonment; and additional statutory actions under state and federal whistleblower laws. Plaintiff alleged that he played an undercover role in a criminal investigation relating to the Minnesota Department of Corrections and MINNCOR, a Minnesota prison industry. The complaint states that he had previously done undercover work in the

---

[2] Plaintiff is imprisoned pursuant to a Wisconsin conviction and was at a Minnesota facility as the result of a prisoner transfer from the Wisconsin corrections department. He has been returned to the Wisconsin corrections system since the time this action was filed.

Wisconsin prison system. Plaintiff contends that he was wrongfully disciplined for conduct and activities performed in his role as a whistleblower with respect to MINNCOR, and that he experienced retaliation for promoting an intellectual property invention designed to improve MINNCOR purchasing practices through use of the Internet. Plaintiff further alleged that defendants improperly prohibited him from communicating with governors and other government officials regarding modernization of government procurement methods; and that various papers, including patent application materials, were wrongfully confiscated. Plaintiff thereafter amended the complaint to allege additional facts, and he later moved for leave to file a "Consolidated Second Amended Complaint" in which he proposed to allege patent and trade secret claims under the Federal Racketeering Influenced and Corrupt Organization Act (RICO) and a "Substitute Consolidated Second Amended Complaint in which he again sought to add RICO claims along with claims of witness tampering, fraud, theft by fraud, theft by seizure, theft by retention, fraudulent transaction, criminal civil rights violations, conversion, constructive trust, and violations of Due Process and First Amendment rights.[3] Defendants served and filed Answers[4] addressing allegations contained in both the initial and first amended complaints.

After filing their Answers defendants moved for summary judgment, alleging that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2) as malicious and/or

---

[3] The first amended complaint was filed before the initial complaint was answered and plaintiff thereby used up his one free amendment as a matter of course pursuant to Fed. R. Civ. P. 15. Court approval for filing any subsequent amended pleading has not been granted.

[4] A separate Answer was filed on behalf of defendant Dennis Benson (named in the amended complaint) [Docket No. 10], and a subsequent Answer was filed on behalf of the remaining defendants [Docket No. 16].

frivolous. Defendants contend plaintiff falsely stated in his initial Section 1983 complaint that he had not commenced other relevant lawsuits within the previous three years. Defendants further presented evidence to indicate that plaintiff had an extensive history of filing frivolous lawsuits and had been fined or otherwise sanctioned in other courts. The summary judgment motion does not directly address the claims asserted in the complaint, except perhaps through the assertion that the claims arose out the refusal to permit plaintiff to operate an Internet e-commerce business while in prison. Meanwhile, the Court granted defendant's request for a protective order staying plaintiff's discovery efforts pending further order from the Court and also denied a motion to intervene filed by another prisoner.[5] In response to defendants' summary judgment motion, plaintiff moved to strike the motion, therein denying that he had any legal obligation to identify certain lawsuits commenced within the previous three years, asserting the motion to be a sham and false pleading, and expounding on the merits of his claims. Plaintiff also filed a "Motion for Supervisory Order Summarily Denying Summary Judgment for Defendants and Directing Refiling of Comprehensive Summary Judgment Motion," and a motion for Rule 11 sanctions in the amount of $25,000. This procedural history has now culminated in plaintiff's offer to spare the Court the burden of ruling on the various unresolved motions at this time by voluntarily dismissing the case without prejudice to his right to re-file another suit based upon the same claims. In a letter to defense counsel, attached as an exhibit to a submission to the Court [Docket No. 85], plaintiff indicates a willingness to stipulate to voluntary dismissal on condition that the dismissal be without prejudice and without imposition of attorney fees, costs

---

[5] Orders dated January 10, 2001 [Docket No. 46], and January 16, 2001 [Docket No. 55]. Affirmed on appeal to the District Court by Order dated February 27, 2001 [Docket No. 83].

or other conditions. In return, plaintiff agreed to dismiss a related case entitled Heimermann v. Ramp,[6] with prejudice. Plaintiff's motion, as presented to the Court, simply requests dismissal of the instant case without prejudice and without costs to any party.

Plaintiff moves to dismiss the action without prejudice to his right to recommence the case through another complaint that fully incorporates all of his claims. He suggests that such a dismissal would allow the case to be simplified in a single pleading, presumably without the baggage of difficult motions to amend and summary judgment motions. In that regard the Court finds that the plaintiff's offer to save the Court from the labor of untying the "Gordian Knot" of summary judgment and other motions is a particularly empty and self-serving suggestion. First and foremost, the defendants' summary judgment motion is reasonably straightforward and effectively circumvents the claims themselves. Second, regardless of the complexity of the case, it is the Court's function to sort out the issues and make decisions on motions, and the Court will not forego such responsibility except upon consideration of the interests of the parties under the particular circumstances and not for the mere purpose of avoiding the task. However, it is certainly appropriate for the court to cull out claims which are patently frivolous and vexatious and therefore mandate unreasonable and unnecessary efforts by either the opposing parties or the court. In this instance, even if plaintiff's proposal for voluntary dismissal would save the Court from the immediate task of a summary judgment analysis, defendants' load has not been lightened whatsoever. Furthermore, in light of plaintiff's explicit

[6] Heimermann v. Ramp, United States District Court, District of Minnesota Civil File No. 01-437 ADM/AJB. Defendant David L. Ramp was counsel for the defendants in the present action. Substitute counsel from within the Attorney General's Office has since been assigned.

assertion of his right to re-file, and an apparent possibility that he would commence another action based upon the same claims, it is clear that the proposal for voluntary dismissal is intended to benefit no one but the plaintiff alone. Such motivation, however, is not inherently improper and is not cause to deny voluntary dismissal out of hand.

In addition to the articulated reason for voluntary dismissal, plaintiff's motion may reasonably be explained as an effort to avoid the substantial penalties that would almost certainly be included in a decision granting defendants' motion for summary judgment based upon plaintiff's prosecution of frivolous and/or malicious claims. Defendants, in the meantime, declined to stipulate to dismissal on terms suggested by the plaintiff and ask the Court to grant their own motion to dismiss. In most, if not all respects the motion for summary judgment dismissal would also apply in a subsequent action on the same claims brought by the plaintiff.[7] With regard to possible conditions which the Court might attach to an order to dismiss without prejudice, the Court notes that defendants' summary judgment pleadings contain a request that measures be taken to publish and make plaintiff's litigation history a part of his inmate file, but include no request for monetary sanctions, in light of the apparent ineffectiveness of such penalties.[8] Defendants have not otherwise moved for sanctions in this matter.

Motions to dismiss without prejudice pursuant to Fed. R. Civ. P. 41(a)(2) are

---

[7] Presumably plaintiff would have the foresight to be truthful regarding previous litigation on any future form complaint which asks such a question, but his litigation history and the documented record of sanctions imposed against him are potent evidence of plaintiff's predisposition toward vexatious complaints.

[8] Defendant's Memorandum in Support of Summary Judgment, pp. 18-19. [Docket No. 41].

addressed to the sound discretion of the district courts, Herring v. City of Whitehall, 804 F.2d 464, 466 (8th Cir. 1986) citing Kern v. TXO Production Corp., 738 F.2d 968, 970 (8th Cir. 1984), and Rule 41(a)(2) authorizes the imposition of costs and fees as a precondition to refiling a complaint that has been voluntarily dismissed pursuant to the rule. Herring at 466. When considering a motion to voluntarily dismiss a complaint the court should consider the following equitable factors: (1) defendants' efforts and expenses; (2) delay or lack of diligence on the part of plaintiff in prosecuting the action; (3) sufficiency of the explanation of the need to take a dismissal; and (4) the fact that a summary judgment motion has been filed by the defendant. In re Old Kent Mortgage Company Yield Spread Premium Litigation, 191 F.R.D. 155, 157 (D. Minn. 2000) citing Witzman v. Gross, 148 F.3d 988, 991 (8th Cir. 1987). While the Court may generally be disinclined to allowing plaintiff to dictate the terms of dismissal without prejudice under Rule 41(a)(2), it seems appropriate to examine the proposal in light of the equitable factors that may exist. In the present case the plaintiff appears to have taken a negotiation posture with respect to the defendants by offering to dismiss another lawsuit, but his motion as presented to the Court simply requests dismissal without prejudice and without costs. Indeed, plaintiff makes no direct mention to the Court of his own proposed stipulation requirement that his motion for Rule 41(a)(2) dismissal be unconditional, except to the extent that dismissal be without prejudice to his right to re-file another suit based upon the same claims, and that no costs be assessed.

In applying the above-cited equity factors in this case, the Court observes the defendants have undoubtedly expended substantial efforts and incurred expenses in this litigation. However, defendants have made no direct claim for costs and have noted the apparent futility of seeking a monetary award. The Court therefore determines that a monetary penalty as

a condition for voluntary dismissal would serve no immediate purpose and is not a determinative factor in this instance, though a requirement that plaintiff pay costs before being permitted to re-file does not unnecessary impinge upon his right to re-file and is not inconsistent with an order for dismissal without prejudice as requested by the plaintiff.

The Court next finds that the level of plaintiff's diligence in the prosecution of the case is not a factor weighing against dismissal under Rule 41(a)(2), and in any event is not a critical factor in this instance. Plaintiff has been active in his seeking discovery and opposing defendants' summary judgment motion, and he has not been the cause of undue delay in the litigation.

Evaluating the sufficiency of plaintiff's explanation to the Court for seeking dismissal presents a somewhat perplexing issue. Plaintiff's express reason for voluntary dismissal without prejudice is that such action would somehow simplify the case through elimination of motions to amend which are "wasteful of the court's time and energies." There are several flaws and ironies to be found in this explanation. First, if all of plaintiff's claims are indeed frivolous, as asserted by defendants, then the mere existence of this case is wasteful of the court's efforts and re-filing will exacerbate rather than resolve the problem; second, and presuming only for argument that the Court would reach the merits of the claims, if a complaint containing the additional proposed allegations is filed, there is little doubt that the Court would still be compelled to examine the claims, though in the context of a dismissal motion rather than on motion to amend; and finally, the Court does not find the present procedural status of this case to be particularly perplexing or difficult to comprehend, and has no reservations about tackling the pending motions, except to the extent that the motions are indeed frivolous or demand that

the Court expend essentially unnecessary effort. In short, the plaintiff's purported explanation for dismissal without prejudice offers little in the way of justification for his motion. On the other hand, if plaintiff is implicitly seeking merely to avoid imposition of costs and fines, a motion to voluntarily dismiss with prejudice would be a significantly more genuine gesture. Plaintiff's explanation for dismissal does not carry substantial equitable weight for either party in this matter.

For obvious reasons the mere pendency of defendants' summary judgment motion would typically seem to be a factor weighing heavily against granting a plaintiff's motion to dismiss without prejudice. A Rule 14(a)(2) motion may be motivated by a reasonable anticipation of dismissal with prejudice and a party seeking summary judgment may well object to its efforts being pre-empted in this fashion. In this case, defendants refused to stipulate to dismissal on plaintiff's terms and do, in fact, advocate that the Court deny plaintiff's motion to dismiss without prejudice and ask the Court to grant their motion for summary judgment. It is not clear to the Court whether there should be any importance attached to the fact that defendants' summary judgment motion does not directly address the claims asserted in the complaint, but rather, is based upon plaintiff's alleged lack of truthfulness and his propensity towards frivolous litigation. In any event, the immediate objective of dismissal would be achieved and defendant's discovery and exploitation of plaintiff's litigation history would probably continue to have similar applicability in defense of a subsequently filed case. Under the circumstances presented herein the existence of a pending summary judgment motion does not compel denial of plaintiff's motion for voluntary dismissal pursuant to Rule 14(a)(2).

Upon considering the equities involved in the plaintiff's motion to dismiss the

action without prejudice and without costs, the Court finds no determinative reason to deny the motion, except to the extent it may be intended to limit the Court's ability prevent the further perpetuation of frivolous or vexatious litigation.[9] Plaintiff has indicated some desire to commence another action by alleging the same claims in a comprehensive complaint. That, of course, is the meaning of "without prejudice," and is a generally presumed term of a Rule 41(a)(2) dismissal. Dismissal without prejudice is not a validation of the initial claims and certainly does not mean that filing a subsequent action based upon the same or similar claims is inherently proper. The condition that the dismissal be without costs somewhat offends the Court's authority under Rule 41(a)(2) to impose terms and conditions as deemed appropriate, but in light of plaintiff's acknowledgment of the futility of monetary sanctions, the term is not particularly significant and may be accommodated. Therefore, it is recommended that the Court grant plaintiff's motion to voluntarily dismiss the action pursuant to Fed. R. Civ. P. 41(a)(2) without costs. However, it is further recommended that the Court order pursuant to Fed. R. Civ. P. 41(d) that plaintiff be required to pay defendants' costs as a prerequisite to his re-filing of another complaint based upon or including the same claims against the same defendants as asserted in the present complaint and motions to amend.[10]

---

[9] The Court does not in this case reach the issue of whether, as a legal matter, the claims constitute frivolous or malicious litigation, as asserted in defendants' summary judgment motion.

[10] Because the Court is not recommending an award of costs based upon the dismissal of the present action, a determination of the amount of costs is not necessary at this time. The appropriate amount of such costs may be determined upon submission of an affidavit by defendants' counsel in the event of re-filing. Fed. R. Civ. P. 41(d).

**Please forward this announcement to the recipient of this fax.**

---

# The United States District Court, District of Minnesota announces two new programs!

**Expedited Trials** –The Court will begin offering parties an opportunity to participate in a program called Expedited Trials beginning July 2, 2001. This voluntary program offers an alternative to traditional case processing by allowing for a shorter time period from filing to disposition. Discovery and motion practice will be sharply limited as a means to reduce time and expense. Procedural rules are on the Court's website at www.mnd.uscourts.gov. If you would like additional information about the Expedited Trials Program, contact one of our clerk's offices at the phone numbers listed below.

**Courtroom Technology – Phase II** – In June 2001, the District of Minnesota began upgrading, installing, and enhancing the technology available to counsel in the courtroom. The project will continue through early fall and will ultimately upgrade all Article III Judge courtrooms in St. Paul and Minneapolis. To assist counsel with this transition, the District Court is offering a hands-on class, worth one hour of CLE credit at both courthouses. Classes will be held over the lunch hour. Course registration can be done by visiting www.mnd.uscourts.gov or by calling Kristine at 612-664-5125.

**For additional information on either program please visit our website at www.mnd.uscourts.gov.**

| | | |
|---|---|---|
| 700 Federal Building<br>316 North Robert Street<br>St. Paul, MN 55101<br>(651) 848-1100 | 202 U.S. Courthouse<br>300 South Fourth Street<br>Minneapolis, MN 55415<br>(612) 664-5000 | 417 U. S. Courthouse<br>515 West First Street<br>Duluth, MN 55802<br>(218) 529-3500 |